UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CAMERON INTERNATIONAL CORPORATION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:20-cv-00124 |
| BUTCH'S RATHOLE & ANCHOR SERVICE, INC. | § § § | **COMPLAINT FOR WILLFUL PATENT INFRINGEMENT** |
| Defendant. | § § § | **JURY TRIAL REQUESTED** |

Plaintiff, Cameron International Corporation ("Cameron"), a Schlumberger Company, alleges as follows for its Complaint for Willful Patent Infringement against Defendant Butch's Rathole & Anchor Service, Inc. ("Butch's"):

### THE PARTIES

1. Plaintiff Cameron International Corporation is a Texas corporation, having a principal place of business at 3505 West Sam Houston Parkway North, Houston, Texas 77043. Cameron engineers, designs, and manufactures flow and pressure control technologies for customers working in the oil and gas industry worldwide.

2. Defendant Butch's Rathole & Anchor Service, Inc. is a Texas corporation, having a principal place of business at 700 Austin, Levelland, Texas 79336. Butch's provides products and services in the oil and gas industry.

3. Defendant Butch's can be served through its registered agent for service of process: Scott Bryant, 700 Austin, Levelland, Texas 79336.

1

**JURISDICTION AND VENUE**

4.  This Complaint includes claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

5.  Defendant Butch's is subject to personal jurisdiction due to its contacts with the State of Texas, and in particular with the Western District of Texas.  Butch's regularly transacts business within this district, having several regular and established business locations in Pecos, Midland, Odessa, San Angelo, and Seguin.

6.  Moreover, upon information and belief, Butch's has committed acts of infringement within this district.

7.  Consistent with the facts alleged herein, venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c), and 1400(b).

**CAMERON'S INVENTION**

8.  This case relates to the process of and equipment used for hydraulic fracturing, or fracking.  Fracking is a method of stimulating oil and gas production from a reservoir by pumping fluids down a well at high pressure and flow rates to fracture the rock formations where oil and gas are found.  Fracking requires an array of wellsite equipment, including a fracturing manifold and a hydraulic fracturing wellhead assembly.  The fracturing manifold provides fracturing fluid to one or more fracturing trees (and through the trees to the wells) via fluid conduits.

9.  Plaintiff Cameron developed the MONOLINE™ Fluid Delivery System to simplify and make safer the process of fracking.   Prior to Cameron's development of the MONOLINE™ System, a multitude of high-pressure, smaller diameter fluid conduits (called "frac iron") were used to connect the outlet on the fracturing manifold to the top of the fracturing tree.  Each of these

small diameter fluid conduits and their connections could fail, resulting in multiple possible locations for fracturing fluid leaks or blowouts.  Cameron's MONOLINE™ System improves upon the prior art by providing one single fluid conduit between the fracturing manifold and the fracturing tree

10. Cameron's MONOLINE™ Fluid Delivery System is covered by a number of United States Patents.

## CAMERON'S PATENTS

11. United States Patent No. 9,915,132 ("the '132 Patent") entitled "Well Fracturing Manifold Apparatus," issued on March 13, 2018.  A true and correct copy of the '132 Patent is attached hereto as Exhibit A.  The '132 Patent covers Cameron's MONOLINE™ Fluid Delivery System.

12. United States Patent No. 10,385,645 ("the '645 Patent") entitled "Fracturing Manifold Systems and Methods," issued on August 20, 2019.  A true and correct copy of the '645 Patent is attached hereto as Exhibit B.  The '645 Patent covers Cameron's MONOLINE™ Fluid Delivery System.

## STANDING

13. Cameron has standing in this lawsuit as the owner of the '132 and '645 Patents.

**BUTCH'S ACCUSED SYSTEMS**




14. Butch's provides systems arranged in accordance with the claims of the '132 and '645 Patents (the "Accused Systems"), in which the fracturing trees are attached to a fracturing manifold by way of a single fluid conduit containing one or more pipes and connection blocks. Examples of Accused Systems made and rented by Butch's are shown in the photographs above. At least the Accused Systems shown above meet the elements of one or more claims of the '132 and '645 Patents, as described in the following paragraphs. Additional Butch's Accused Systems are arranged similarly, or in different arrangements that meet one or more claims of the '132 and '645 Patents.

15. Upon information and belief, Defendant Butch's is providing or has previously provided the Accused System to at least XTO Energy, Inc. in Midland, Texas.

## COUNT 1 – INFRINGEMENT OF THE '132 PATENT

16. Paragraphs 1–15 are herein incorporated by reference.

17. Without a license or permission from Cameron, Butch's infringes or has infringed, literally or under the doctrine of equivalents, one or more claims of the '132 Patent by importing, making, using, offering to sell/rent, and/or selling/renting Accused Systems.

18. The Accused Systems include a single fluid conduit coupled to a well fracturing tree for delivering fracturing fluid to the tree.

19. The Accused Systems include a connection block positioned at the well fracturing tree.

20. The Accused Systems include another (second) connection block.

21. The two connection blocks are coupled by pipe sections such that fracturing fluid can flow through the second connection block and the pipe sections and then to the well fracturing tree through the first connection block.

## COUNT 2 – INFRINGEMENT OF THE '645 PATENT

22. Paragraphs 1–21 are herein incorporated by reference.

23. Without a license or permission from Cameron, Butch's infringes or has infringed, literally or under the doctrine of equivalents, one or more claims of the '645 Patent by importing, making, using, offering to sell/rent, and/or selling/renting Accused Systems.

24. The Accused Systems include a fracturing fluid distribution manifold for providing fracturing fluid to one or more wells.

25. The fracturing fluid distribution manifold of the Accused Systems include a trunk line and multiple outlet branches for routing fracturing fluid to the wells.

26. At least two outlet branches of the Accused Systems include a pair of valves connected in series to control flow of fracturing fluid from the trunk line through the outlet branch toward a well through a rigid fluid pathway.

27. The rigid fluid pathway includes at least two connection blocks.

28. A first connection block has at least two pipes in fluid connection and attached to the connection block with studded connections, and the two pipes are at different angles.

29. A second connection block is attached with a studded connection to the second pipe, or to an additional pipe.

## COUNT 3 – BUTCH'S WILLFUL INFRINGEMENT

30. Paragraphs 1–29 are herein incorporated by reference.

31. Butch's Accused Apparatuses, Systems, and/or Methods are strikingly similar to Cameron's patented MONOLINE™ fracturing fluid delivery system in appearance and design.

32. On information and belief, Defendant Butch's copied Cameron's patented MONOLINE™ fracturing fluid delivery system.

33. Furthermore, since at least April 10, 2019, Defendant Butch's has been on notice of and has had actual knowledge of the '132 Patent.

34. Butch's willful infringement entitles Cameron to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Cameron respectfully requests that this Honorable Court enter judgment against Butch's, granting Cameron the following relief:

A. A judgment that Defendant Butch's has infringed one or more claims of the '132 and '645 Patents in connection with providing the Accused System to the market;

B.     An award of damages adequate to compensate Plaintiff Cameron for Butch's infringement and in no event less than a reasonable royalty, together with prejudgment interest from the first date of infringement of the '132 and '645 patents;

C.     A judgment that Butch's infringement has been willful and an award of increased damages as permitted under 35 U.S.C. § 284;

D.     A finding that this case is exceptional and an award of attorneys' fees and costs to Plaintiff Cameron as provided by 35 U.S.C. § 285 or as otherwise permitted by law;

E.     A permanent injunction prohibiting further infringement of the '132 and '645 Patents by Butch's; and

F.     Such other relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff Cameron demands a trial by jury on all issues presented in this Complaint so triable.

DATED: February 17, 2020

Respectfully Submitted,

By : */s/ John R. Keville*
John R. Keville
Texas Bar No. 00794085
jkeville@winston.com
Merritt D. Westcott *(Pro Hac Vice Pending)*
Texas Bar No. 24027091
mwestcott@winston.com
William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis *(Pro Hac Vice Pending)*
Texas Bar No. 24116670
edlewis@winston.com
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

ATTORNEYS FOR PLAINTIFF,
CAMERON INTERNATIONAL
CORPORATION